UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

ANDREW NEWMAN,

   Plaintiff.             CASE NO.:

v.                     Jury Trial Demanded

HAROLD F. PRYOR, in his official capacity
as STATE ATTORNEY, Seventeenth Judicial
Circuit of Florida (BROWARD COUNTY),
also named or commonly referred to as, The
Broward State Attorney's Office or the Broward
County State Attorney's Office, and THE STATE
OF FLORIDA,

   Defendant.
_____/

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff, ANDREW NEWMAN, sues the Defendant, HAROLD PRYOR, in his official capacity as STATE ATTORNEY, Seventeenth Judicial Circuit of Florida, and alleges:

1. This is an action brought for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. sec 2000e to 2000e-17, specifically on account of race and gender, and pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. sec. 621 to 634.

2. This is also an action for race, gender and age discrimination pursuant to the Florida Civil Rights Act of 1992, section 760.01 et seq, Fla. Stat.

3. All conditions precedent to the maintenance of this action have been satisfied. The discrimination claims were submitted to the EEOC and Plaintiff received a "Notice of Right to Sue" letter on May 2nd, 2022, a copy of which is attached as Exhibit A to this complaint.

4. More than sixty (60) days have elapsed since Plaintiff's filing a charge of age discrimination with the EEOC.

### COUNT I- FEDERAL DISCRIMINATION CLAIM

5. Plaintiff, ANDREW NEWMAN, (hereinafter referred to as "NEWMAN") is a Caucasian, non-Hispanic male who was 64.7 years old at the relevant time.

6. NEWMAN graduated from Cornell University in 1978 and graduated from the University of Miami Law School in 1981.

7. In March, 2003, NEWMAN was hired as an Assistant State Attorney for the Seventeenth Judicial Circuit of Florida, the Broward County State Attorney's Office (hereinafter "BSAO" or "Defendant).

8. BSAO is a part of the executive branch of the state of Florida.

9. Defendant is an "employer" as defined under Title VII of the Civil Rights Act of 1964.

10. On November 4th, 2020, HAROLD PRYOR was elected Broward County State Attorney, effective January 5th, 2021.

11. PRYOR is an African-American male who was approximately thirty-three years old at the time he was elected the Broward County State Attorney.

12. During his campaign for office, PRYOR stated that one of his main objectives was to hire more minorities as assistant state attorneys and for other positions in the office.

13. NEWMAN and PRYOR had no interactions with each other during the time when they were both employed by the BSAO.

14. NEWMAN successfully prosecuted several high-profile criminal cases during his tenure as an Assistant State Attorney for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida during the years 1985 through 1994.

15. Throughout NEWMAN'S employment at the BSAO, he had a stellar reputation with the judiciary, defense bar and co-workers and he was a highly regarded trial attorney who was always willing to assist other assistant state attorneys in trial and in trial preparation.

16. During Newman's tenure with the BSAO he successfully tried, as lead or sole counsel, many serious cases, including several attempted first-degree homicides.

17. NEWMAN's BSAO personnel file is replete with positive comments and congratulatory notes from his supervisors and it contains no disciplinary action taken against him.

18. On December 15th, 2020, PRYOR informed NEWMAN that NEWMAN would not be "taking the oath" on January 5th, 2021, effectively terminating NEWMAN as an assistant state attorney on the same day that PRYOR was sworn as the State Attorney for Broward County.

19. When asked by NEWMAN, PRYOR provided no reason for the arbitrary and capricious termination of such a highly experienced, respected attorney. PRYOR'S response to

NEWMAN were words to the effect that PRYOR was the newly elected constitutional officer and that he did not have to provide any reason for NEWMAN's termination.

20. NEWMAN did not hold any administrative or policy-making position with the administration of Michael Satz, the long-time Broward State Attorney who did not seek re-election in 2020, after serving for decades in the office.

21. PRYOR did not "retain," thereby effectively terminating, eight other employees of the BSAO with eight of the nine terminated employees being male, all nine were Caucasian and the majority of the terminated employees were over the age of forty.

22. Several of the terminated employees, including NEWMAN, were very experienced, highly regarded assistant state attorneys who had tried hundreds of jury trials.

23. All of the experienced prosecutors that were terminated ranged in age from the mid-fifties to the mid-sixties, with NEWMAN being the oldest.

24. PRYOR was and still is unable to articulate any performance based criteria as a basis for terminating NEWMAN's employment with Defendant.

25. PRYOR/BSAO engaged in discriminatory employment practices using NEWMAN'S race, age and gender as significant factors in deciding to terminate NEWMAN in violation of Title VII of the Civil Rights Act of 1964 and in violation of the Age Discrimination in Employment Act of 1967. Defendant's termination practice resulted in, at a minimum, disparate impact discrimination, if not overt, intentional discrimination on account of race, gender and/or age

26. As a result of Defendant's discriminatory employment practices, NEWMAN lost his employment with Defendant and he demands compensation for back pay, future wage loss, expenses of re-training and undertaking a new career, non-economic damages including mental pain and suffering, humiliation, embarrassment, loss of reputation, loss of dignity and loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future.

WHEREFORE, Plaintiff, ANDREW NEWMAN, demands judgment for compensatory damages against Defendant, punitive damages if allowed by law and attorney's fees pursuant to the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 and NEWMAN further demands a trial by jury of all issues so triable.

## COUNT II- FLORIDA DISCRIMINATION CLAIM

27. Plaintiff, ANDREW NEWMAN, (hereinafter referred to as "NEWMAN") is a Caucasian, non-Hispanic male who was 64.7 years old at the relevant time.

28. NEWMAN graduated from Cornell University in 1978 and graduated from the University of Miami Law School in 1981.

29. In March, 2003, NEWMAN was hired as an Assistant State Attorney at the Seventeenth Judicial Circuit of Florida, the Broward County State Attorney's Office (hereinafter "BSAO" or "Defendant).

30. BSAO is a part of the executive branch of the state of Florida.

31. Defendant is an "employer" as defined under Title VII of the Civil Rights Act of 1964.

32. On November 4th, 2020, HAROLD PRYOR was elected Broward County State Attorney, effective January 5th, 2021.

33. PRYOR is an African-American male who was approximately thirty-three years old at the time he was elected the Broward County State Attorney.

34. During his campaign for office, PRYOR stated that one of his main objectives was to hire more minorities as assistant state attorneys and for other positions in the office.

35. NEWMAN and PRYOR had no interactions with each other during the time when they were both employed by the BSAO.

36. NEWMAN successfully prosecuted several high-profile criminal cases during his tenure as an Assistant State Attorney for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida during the years 1985 through 1994.

37. Throughout NEWMAN'S employment at the BSAO, he had a stellar reputation with the judiciary, defense bar and co-workers and he was a highly regarded trial attorney who was always willing to assist other assistant state attorneys in trial and in trial preparation.

38. During Newman's tenure with the BSAO he successfully tried, as lead or sole counsel, many serious cases, including several attempted first-degree homicides.

39. NEWMAN's BSAO personnel file is replete with positive comments and congratulatory notes from his supervisors and it contains no disciplinary action taken against him.

40. On December 15th, 2020, PRYOR informed NEWMAN that NEWMAN would not be "taking the oath" on January 5th, 2021, effectively terminating NEWMAN as an assistant state attorney on the same day that PRYOR was sworn as the State Attorney for Broward County.

41. When asked by NEWMAN, PRYOR provided no reason for the arbitrary and capricious termination of such a highly experienced, respected attorney. PRYOR'S response to NEWMAN were words to the effect that PRYOR was the newly elected constitutional officer and that he did not have to provide any reason for NEWMAN's termination.

42. NEWMAN did not hold any administrative or policy-making position with the administration of Michael Satz, the long-time Broward State Attorney who did not seek re-election in 2020, after serving for decades in the office.

43. PRYOR did not "retain," thereby effectively terminating, eight other employees of the BSAO with eight of the nine terminated employees being male, all nine were Caucasian and the majority of the terminated employees were over the age of forty.

44. Several of the terminated employees, including NEWMAN, were very experienced, highly regarded assistant state attorneys who had tried hundreds of jury trials.

45. All of the experienced prosecutors that were terminated ranged in age from the mid-fifties to the mid-sixties, with NEWMAN being the oldest.

46. PRYOR was and still is unable to articulate any performance based criteria as a basis for terminating NEWMAN's employment with Defendant.

47. Defendant engaged in discriminatory employment practices using NEWMAN'S race, age and gender as significant factors in deciding to terminate NEWMAN in violation of the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 et seq. Defendant's termination practice resulted in, at a minimum, disparate impact discrimination, if not overt, intentional discrimination on account of race, gender and/or age

48. As a result of Defendant's discriminatory employment practices, NEWMAN lost his employment with Defendant and demands compensation for back pay, future wage loss, expenses of re-training and undertaking a new career, non-economic damages including mental pain and suffering, humiliation, embarrassment, loss of reputation, loss of dignity and loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future.

WHEREFORE, Plaintiff, ANDREW NEWMAN, demands judgment for compensatory damages against Defendant, punitive damages if allowed by law and attorney's fees pursuant to

the Florida Civil Rights Act of 1992, Fla. Stat. sec. 760.01 et seq., and NEWMAN demands a trial by jury of all issues so triable.

Dated July 21st, 2022.

        **SACKRIN & TOLCHINSKY, P.A.**
        *Attorney for Plaintiff*
        2100 East Hallandale Beach Blvd., Suite 200
        Hallandale Beach, Florida 33009
        Tel: (954) 458-8685
        Fax: (954) 656-5000
        alan@hallandalelaw.com
        pleadings@hallandalelaw.com

By: */s/ ALAN D. SACKRIN*
        ALAN D. SACKRIN, ESQ.
        FL Bar No.: 349070