IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:22-cv-61360-RS

ANDREW NEWMAN,

    Plaintiff,

v.

HAROLD F. PRYOR in his official capacity as
State Attorney, Seventeenth Judicial Circuit of
Florida (Broward County), also named or commonly
referred to as, The Broward State Attorney's Office
or the Broward County State Attorney's Office, and
The State of Florida,

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS
AND SUPPORTING MEMORANDUM OF LAW**

Defendant, HAROLD F. PRYOR, in his official capacity as STATE ATTORNEY, SEVENTEENTH JUDICIAL CIRCUIT OF FLORIDA, by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint filed by Plaintiff, ANDREW NEWMAN [DE 1]. In support, Defendant states as follows:

**FACTS AND PROCEDURAL HISTORY**

1.    Plaintiff has brought an action for discrimination based on race, gender and age pursuant to Title VII of the Civil Rights Act (42 U.S.C. 2000e-2000e-17) (hereinafter "Title VII"), the Age Discrimination in Employment Act (29 U.S.C. 621-634) (hereinafter "ADEA"), and the Florida Civil Rights Act (Fla. Stat. 760.01 et seq.) (hereinafter "FCRA") *See* Pl.'s Compl. [DE 1].

2. Plaintiff's Complaint acknowledges that HAROLD PRYOR was elected as Broward County State Attorney, and Plaintiff was hired as an Assistant State Attorney for the Seventeenth Judicial Circuit of Florida, Broward County State Attorney's Office (hereinafter "BSAO" or "SAO"). *See* Pl.'s Compl. [DE 1] at ¶¶ 7, 10.

3. The SAO is an agency of the State of Florida.

4. Pursuant to Article V, Section 17, of the Constitution of the State of Florida, the State Attorney, with the aid of appointed Assistant State Attorneys and staff, are required to appear in the Circuit and County Courts within his/her judicial circuit and prosecute matters on behalf of the people of Florida.

5. Pursuant to Florida Statute § 27.181 each Assistant State Attorney appointed by the State Attorney shall serve during the pleasure of the State Attorney appointing him or her and shall have all the powers and duties of the State Attorney.

6. Michael J. Satz, Esq., the previous State Attorney, Seventeenth Judicial Circuit of Florida, appointed Andrew Newman, Esq. as an Assistant State Attorney with the SAO on March 3, 2003. *See* Pl.'s Compl. [DE 1] at ¶ 7.

7. Plaintiff, as an Assistant State Attorney, represented Mr. Satz before the Public.

8. The SAO employees do not fall under Florida's Career Service System; instead, they are covered by the policies of the Florida Prosecuting Attorneys Association's Classification and Pay Plan and by the policies and guidelines of the SAO. Moreover, the civil service rules do not apply.

9. The allegations in the Complaint filed by Plaintiff fall within the coverage of Government Employee Rights Act ("GERA"). *See* 42 U.S.C. 2000e-16c(a)(2).

10. GERA operates, in part, to bring previously exempted employees within the ambit of Title VII and ADEA. Title VII, ADEA, and the applicable case law governs and controls discrimination claims brought under GERA.

11. Plaintiff was terminated from his employment with the SAO on January 4, 2021.

12. Plaintiff's Charge of Discrimination was filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about June 9, 2021.

13. The Notice of Right to Sue was issued by the EEOC on or about May 2, 2022. *See Determination of Charge and Notice of Right to Sue* attached as Exhibit A to Pl's Compl. [DE 1].

14. The Complaint herein was filed July 21, 2022. *See* Pl's Compl. [DE 1].

**I. The legal standard for granting a motion to dismiss filed pursuant to Rule 12(b)(6)**

"Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action." *Cohan v. Ocean Club at Deerfleld Beach Condo. Ass'n, Inc.*, No. 14-60196-CIV, 2014 WL 1274128, at *1 (S.D. Fla. Mar. 27, 2014) (citing *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)). In ruling on a motion to dismiss, the trial court is to accept all the factual allegations in the complaint as true, while evaluating all inferences derived from those facts in the light most favorable to plaintiff. *See Mayorga v. Alorica, Inc.*, No. 12-21578-CIV, 2012 WL 3043021, at *2 (S.D. Fla. Jul. 25, 2012)(citing *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)). However, notwithstanding the perceived liberal pleading standard, a plaintiff must still do more than merely "label" his claims to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare-bones assertions which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim do not suffice. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Instead, "[a] complaint must state a plausible claim for relief, and [a] claim has

facial plausibility only when the plaintiff pleads sufficient factual content which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Charman v. Florida*, No. 08-23076-CIV, 2009 WL 3147889, at *1 (S.D. Fla. Sept. 16, 2009)(citing *Iqbal*, 556 U.S. at 678-79) (internal citations and quotations omitted). "As such, [t]he mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Id.*

**II.     COUNT I: Plaintiff is not an "employee" under Title VII. As such, his claims are governed by GERA and such claims are barred because (a) any review of EEOC action on a GERA complaint is to the Circuit Courts of Appeal and not *de novo* review by the federal district courts, and (b) the Complaint herein was filed beyond the review period permitted under GERA.**

**A.     Plaintiff is not an "employee" under Title VII and ADEA.**

To bring an action pursuant to Title VII and ADEA, Plaintiff must show that he was an "employee." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006)) (holding that Title VII's "employer" requirement is an element of plaintiff's claim for relief). Title VII defines "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). ADEA has the same definition of employee as Title VII of the Civil Rights Act. 29 U.S.C. § 630(b); *see also Gregory v. Ashcroft*, 501, U.S. 452 (1991). There are four express exemptions to this definition:

> The term "employee" ... shall not include [1] any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or [2] *any person chosen by such officer to be on such officer's personal staff*, or [3] an appointee on the policy making level or [4] an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the previous sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

(emphasis added.) *Id.* Individuals who fall within these exemptions are not without recourse, however, as the Government Employee Rights Act of 1999, 42 U.S.C. §§ 2000e--16a to 2000e--17, confers Title VII rights on those individuals covered by exemptions 2, 3 and 4, but not the elected official himself. *Id.* at § 2000e--16c(a). Such individuals must file a discrimination claim

4

with the EEOC, and if the EEOC determines that a violation has occurred, it may provide appropriate relief. *Id*. § 2000e--16c(b)(1). Unlike Title VII proceedings, which provide for de novo review of EEOC actions in federal district court, an individual proceeding under GERA must seek judicial review in the federal circuit courts. *Id.* § 2000e--16c(c).

Here, it is instructive to look to Title VII cases, as "the almost uniform practice of courts in considering the authoritative body of Title VII case law when interpreting the comparable provisions of other federal statutes. *See, e.g., McKennon v. Nashville Banner Publ'g. Co.*, 513 U.S. 352, 357-61, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995) (interpreting the Age Discrimination in Employment Act ("ADEA")); *Garcia v. Johanns*, 444 F.3d 625, 631-33 & n. 7 (D.C.Cir.2006) (interpreting the Equal Credit Opportunity Act); *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 511 (7th Cir.1998) (interpreting the retaliation provision of the Americans with Disabilities Act). Of particular note here, other courts have looked to Title VII cases in interpreting the definition of employer and employee. *See Shaliehsabou v. Hebrew Home of Greater Wash., Inc.*, 363 F.3d 299, 305-07 (4th Cir.2004); *Nichols v. Hurley*, 921 F.2d 1101, 1103-10 (10th Cir.1990); *Brewster v. Barnes*, 788 F.2d 985, 990 & n. 7 (4th Cir.1986)."

In *Nichols v. Hurley*, the Tenth Circuit found that Congress intended for courts to construe the personal staff exception narrowly, *i.e.* that it should apply "only to those individuals who are in highly intimate and sensitive positions of responsibility on the staff of an elected official." 921 F.2d 1101, 1104 (10th Cir. 1990). The Tenth Circuit concluded that in determining whether the personal staff exception applies, courts should consider the following non-exhaustive list of factors:

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a

5

      considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

*Id.* at 1110 (quoting *Teneyuca v. Bexar Cnty.*, 767 F.2d 148, 151 (5th Cir. 1985)) (applying the factors to definition of "employee" under Fair Labor Standards Act). The Tenth Circuit has held that "personal staff" includes those in positions such as an undersheriff and sheriff's deputies. *Nichols*, 921 F. 2d at 1113-14 (FSLA context); *Owens v. Rush*, 654 F.2d 1370, 1374-75 (10th Cir. 1981) (Title VII context).

     Using the above described factors as a guide, Plaintiff clearly falls into the employee exemption category of "any person chosen by such officer to be on such officer's personal staff." First, Harold F. Pryor, Esq. was duly elected to serve as the State Attorney for the Seventeenth Judicial Circuit. Pursuant to Article V, Section 17, of the Constitution of the State of Florida, the State Attorney, *with the aid of appointed Assistant State Attorneys and staff*, are required to appear in the Circuit and County Courts within his/her judicial circuit and prosecute matters on behalf of the people of Florida.

     Second, Mr. Pryor has plenary powers over the appointment and removal of all staff, the Plaintiff was directly and personally accountable to the State Attorney, and the State Attorney exercises considerable control over the assistant State Attorney position. Pursuant to Florida Statute § 27.181 each Assistant State Attorney appointed by the State Attorney shall serve during the pleasure of the State Attorney appointing him or her and shall have all the powers and duties of the State Attorney. As State Attorney, Mr. Pryor has sole authority to hire and fire all employees of the SAO. There is no other employee within the SAO with the authority to hire or fire an employee within the Office.

     Third, Assistant State Attorneys represent the State Attorney in the eyes of the public. Michael J. Satz, Esq., the previous State Attorney, Seventeenth Judicial Circuit of Florida,

appointed Andrew Newman, Esq. as an Assistant State Attorney with the SAO on March 3, 2003. Mr. Newman, as an Assistant State Attorney, represented Mr. Satz before the Public. In addition, Assistant State Attorneys are the most direct and immediate conduit between the State Attorney and his constituents. They represent the State Attorney in court with victims and witnesses and in the community. Their conduct reflects directly on the State Attorney.

Notably, the SAO employees do not fall under Florida's Career Service System; instead, they are covered by the policies of the Florida Prosecuting Attorneys Association's Classification and Pay Plan and by the policies and guidelines of the SAO. Moreover, the civil service rules do not apply.

Based on the above, Plaintiff is clearly personal staff to an elected official and was not an "employee" under Title VII. Thus, he cannot meet the threshold element of a claim under Title VII and this matter should be dismissed as a matter of law.

**B.     Plaintiff is not entitled to relief under GERA; any appeal from the dismissal of his Charge of Discrimination must have been made to the Eleventh Circuit within 60 days of dismissal.**

**(1) GERA, Generally**

The procedures applicable to GERA claims differ somewhat from those applicable to Title VII claims. The EEOC regulations applicable to GERA are found at 29 C.F.R. Part 1603. A complaint filed with the EEOC which falls within the purview of GERA can be investigated by the EEOC or referred to an administrative law judge (hereinafter "ALJ"). *See* 29 C.F.R. §§ 1603.109 (providing for investigation before referral to an ALJ), and 1603.201 (providing for referral to an ALJ).

Under GERA, a plaintiff must file a complaint of discrimination with the EEOC within 180 days after the date of the unlawful employment practice. 42 U.S.C. § 2000e-16c(b)(1); see also 29 C.F.R. § 1603.102(a). Unlike procedures for complaints by Title VII "employees," GERA

does not incorporate the 300-day period to file a complaint with the EEOC which otherwise applies to Title VII employees under 42 U.S.C. § 2000e-5(f).

If the complaint is investigated before referral to an ALJ, the EEOC can conduct an investigation typical of other investigations by the EEOC under Title VII "using an exchange of letters, interrogatories, fact-finding conferences, interviews, on-site visits or other fact-finding methods that address the matters at issue." 29 C.F.R. § 1603.109(a). Complaints not dismissed or resolved (through settlement and alternative dispute resolution provided under 29 C.F.R. § 1603.108) are transmitted to an administrative law judge for a hearing. 29 C.F.R. § 1603.201(a). In the case at bar, the EEOC dismissed Plaintiff's Charge of Discrimination and issued a Right to Sue Letter to Plaintiff. *See Determination of Charge and Notice of Right to Sue* attached as Exhibit A to Plaintiff's Complaint.

An appeal (or petition for review) from an EEOC decision dismissing a complaint under GERA is taken pursuant to chapter 158 of Title 28 (28 U.S.C. § 2344). 42 U.S.C. § 2000e-16c(c). 28 U.S.C. § 2344 provides a 60-day period to file a petition for review of a final agency order. 28 U.S.C. § 2344. The termination of Plaintiff's Charge of Discrimination by the EEOC was a final order.

The 60-day period "is jurisdictional and cannot be judicially altered or expanded." *Brazoria County, Tex. v. E.E.O.C.*, 391 F.3d 685, 688 (5th Cir. 2004) (holding the 60-day period to petition for review of a final decision by the EEOC under GERA is jurisdictional). *See also, Council Tree Inv'rs, Inc. v. F.C.C.*, 739 F.3d 544, 551 (10th Cir. 2014) (the 60--day statutory deadline under § 2344 is jurisdictional).

Under GERA, a complainant cannot seek relief from an EEOC dismissal by taking his claims to federal district court. GERA instead authorizes enforcement only through administrative

action. Rather than resorting to district court, a party aggrieved by EEOC action under GERA may seek judicial review only in the federal circuit courts. 42 U.S.C. § 2000e-16c(c); *see* 1 Mark A. Rothstein, Charles B. Craver, Elinor P. Schroeder & Elaine W. Shoben, Employment Law § 2.5, at 177 (3d ed. 2004) ("Review is to a federal court of appeals . . . is a dramatic departure from Title VII procedure, which provides for *de novo* review in a federal district court.").

**(2) Plaintiff's "appeal" to this court is untimely and to the wrong court.**

Plaintiff was terminated from his employment with the SAO on January 4, 2021. His Charge of Discrimination was filed with the EEOC on or about June 9, 2021. The Notice of Right to Sue was issued by the EEOC on or about May 2, 2022. The Complaint herein was filed July 21, 2022.

There are 80 calendar days between May 2, 2022 and July 21, 2022; the 60th calendar day following May 2, 2022 is July 1, 2022. The issuance of the right to sue letter amounts to the dismissal of the Plaintiff's Charge of Discrimination before the EEOC. *See* 29 C.F.R. § 1601.28(3) (issuance of a notice of right to sue "shall terminate further proceeding of any charge that is not a Commissioner charge"). To the extent this action might be construed as an appeal from the EEOC's termination of plaintiffs' complaints to the EEOC, this action was filed beyond the 60-day period. Further, because Plaintiff's claims are governed by GERA (and not by Title VII) Plaintiff was required to appeal the dismissal to the Eleventh Circuit. *See Crain v. Butler*, 419 F.Supp.2d 785, 788 (E.D.N.C. 2005) ("Because the GERA mandates that a plaintiff first seek administrative relief with the EEOC and then appeal any adverse administrative decision to the United States Court of Appeals, this court is without jurisdiction to hear [plaintiff's] retaliation claim if it is governed by the GERA rather than Title VII."). The Complaint herein, to the federal district court, is contrary to the requirements of GERA.

Any claim of discrimination, harassment or retaliation plaintiffs might have made under GERA is time-barred. Any appeal of the EEOC dismissal is untimely and made to the wrong court. Thus, GERA affords Plaintiff no relief.

**III.  COUNT II: The Claim for Race, Gender and Age Discrimination pursuant to the Florida Civil Rights Act**

The Plaintiff also alleged that SAO discriminated on the basis of race, gender, and age in violation of the Florida Civil Rights Act.

The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII. *See Ranger Ins. Co. v. Bal Harbour Club, Inc.*, 549 So.2d 1005, 1009 (Fla.1989); *Florida State Univ. v. Sondel*, 685 So.2d 923, 925 n. 1 (Fla.Dist.Ct.App.1996); *Gray v. Russell Corp.*, 681 So.2d 310, 312 (Fla.Dist.Ct.App.1996); *see also Paris v. City of Coral Gables*, 951 F.Supp. 1584, 1585 (S.D.Fla.1995); *Kelly v. K.D. Construction of Fla., Inc.*, 866 F.Supp. 1406, 1411 (S.D.Fla.1994).

In addition, under the Florida Civil Rights Act "employer" is defined as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year, and any agent of such a person." § 760.02(7), Fla. Stat. (1992) (emphasis added). As the definition of employer is essentially identical to that in Title VII of the Federal Civil Rights Act, see 42 U.S.C. § 2000e(b), interpretations of Title VII are persuasive in interpreting the Florida Civil Rights Act. *Byrd v. Richardson–Greenshields Sec., Inc.*, 552 So.2d 1099, 1104 (Fla.1989) (applying Title VII interpretations to an earlier version of the FCRA); *see also Byrd v. BT Foods, Inc.*, 948 So.2d 921, 925 (Fla. 4th DCA 2007).

No Florida court has interpreted the Florida statute to impose substantive liability where Title VII does not. Therefore, for the same reasons the complaint fails to state a discrimination claim under Title VII, it fails to state a discrimination claim under the Florida Civil Rights Act.

**IV.   Defendant, the State of Florida, is immune from suit under the Eleventh Amendment to the U.S. Constitution.**

"Pursuant to the Eleventh Amendment, a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment." *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). In the case at bar, the State of Florida has not waived its sovereign immunity, nor has its immunity been abrogated by Congress, precluding the exercise of subject matter jurisdiction by the federal district and circuit courts over it. There is, however, a narrow exception to the States' immunity that arises under *Ex Parte Young*, 209 U.S. 123, 168 (1908). "[A] suit alleging a violation of the federal constitution against a state official in his [or her] official capacity for injunctive relief on a prospective basis is not a suit against the state, and, accordingly, does not violate the Eleventh Amendment." *Grizzle*, 634 F.3d at 1319. But that narrow exception applies "[o]nly if a state officer has the authority to enforce an unconstitutional act in the name of the state." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1341 (11th Cir. 1999). Only then "can the Supremacy Clause be invoked to strip the officer of [his or her] official or representative character and subject [him or her] to the individual consequences of [his or her] conduct." *Id.*; *see also Fitts v. McGhee*, 172 U.S. 516, 529-30 (1899).

Accordingly, before the Court can reach the merits here, it must address, *inter alia*, whether Defendant, the State of Florida, is a proper party to this action. *See Fla. Democratic Party v. Scott*, 215 F. Supp. 3d 1250, 1254 (N.D. Fla. 2016). Here, Plaintiff alleges that the Defendant is the State of Florida. Plaintiffs do not cite any law that waives the State of Florida's sovereign immunity or

11

that its immunity was abrogated by an act of Congress under section 5 of the Fourteenth Amendment. As such, suit against the State of Florida is barred by the Eleventh Amendment to the U.S. Constitution thereby rendering it as an improper party as a matter of law.

## CONCLUSION

In sum, Plaintiff is not an "employee" under Title VII, his claims are governed by GERA, judicial review of the termination of the EEOC Charge must be by the Eleventh Circuit and not this court, and this action was filed outside of the 60-day appeals period. All of plaintiffs' claims against Defendant in his official capacity must be dismissed with prejudice. Moreover, suit against the State of Florida is barred by the Eleventh Amendment to the U.S. Constitution.

Respectfully submitted this 12th day of September, 2022.

> **LUKS, SANTANIELLO, PETRILLO COHEN & PETERFRIEND**
>
> By: */s/ Matthew G. Krause*
> **MATTHEW G. KRAUSE, ESQ.**
> Florida Bar No. 844225
> Email: MKrause@insurancedefense.net
> **PATRICK W. ZALMAN, ESQ.**
> Florida Bar No.: 109334
> Email: PZalman@insurancedefense.net

## CERTIFICATE OF SERVICE

Defendant, Harold F. Pryor, in his official capacity as State Attorney, of the Seventeenth Judicial Circuit of Florida, by and through undersigned counsel, hereby certifies that on this 12th day of September 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF Electronic Notification System, and/or Electronic Mail, to all parties as shown on the attached Service List.

**LUKS, SANTANIELLO, PETRILLO COHEN & PETERFRIEND**
*Attorneys for Defendant*
110 S.E. 6th Street, 20th Floor
Fort Lauderdale, FL 33301
Telephone:  954/766-9900
Facsimile:   954/766-9940

By:   */s/ Matthew G. Krause*
**MATTHEW G. KRAUSE, ESQ.**
Florida Bar No. 844225
Email: MKrause@insurancedefense.net
**PATRICK W. ZALMAN, ESQ.**
Florida Bar No.: 109334
Email: PZalman@insurancedefense.net

## SERVICE LIST

**CM/ECF Electronic Mail**
*The following party(ies) are currently registered to receive electronic notice/service:*

Alan D. Sackrin, Esq.
SACKRIN & TOLCHINSKY, P.A.
2100 E. Hallandale Beach Blvd., Suite 200
Hallandale, FL 33009
Email: alan@sackrinlaw.com